FILED
OCT - 1 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

W.A. MacGuire[1], )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1522
)
Travelers Indemnity Company, )
)
Defendant. )
_____ )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a motion for a temporary restraining order ("TRO") and a Complaint for injunctive relief against Travelers Indemnity Company. Plaintiff seeks to restrain Travelers "from representing to the Court, either directly or by counsel, that it can prove that [a ruling disbarring plaintiff from the practice of law in Florida] is due process of law." Mot. for TRO at 1 (citing *Florida Bar v. MacGuire*, 529 So.2d 669 (Fla. 1988)). Since the Complaint provides no basis for exercising subject matter jurisdiction, the TRO motion will be denied and this case will be dismissed. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case "at any time" subject matter jurisdiction is found wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the

---

[1] Plaintiff erroneously styled this action as "United States of America Ex Rel W.A. MacGuire v. Travelers Indemnity Company." The government has not brought this action on plaintiff's behalf as a private party relator. Hence, the Clerk will be directed to strike the United States from the pleadings and to open this case as captioned herein.

1

amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff contends that this Court's jurisdiction "depends upon Your Honor's judgment that an order of the Florida Supreme published at 529 So.2nd 669 . . . is null, void, and of no effect on its face . . . ." Compl. ¶ 3. As a general rule, this Court lacks jurisdiction to review the decisions of other courts. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Furthermore, "[a]s several opinions in previous cases have informed [this] [p]laintiff, federal courts cannot review particular denials of bar admission, but only general attacks on the constitutionality of a bar rule." *MacGuire v. Virginia Bd. of Bar Examiners*, No. 3:11cv00056, 2011 WL 6130896, at *1 (W.D. Va. Dec. 8, 2011); *see id.* (noting that plaintiff "has filed 51 civil actions in various courts . . . since 1985. The majority [of which] concern[s] [his] disbarment by the Florida bar and the Virginia State Bar's refusal to admit him as a member") (footnote omitted).

In addition, this Court lacks subject matter jurisdiction to entertain complaints that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This standard is met here because it is clear from the opinion of the Florida Supreme Court, upon which Travelers might properly rely, that plaintiff obtained a meaningful hearing prior to being

2

disbarred, and "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). A separate Order of dismissal accompanies this Memorandum Opinion.

*Robert L. Wilkins*
United States District Judge

DATE: September 23, 2013